UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANITA P.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:22cv109 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act.  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since July 31, 2020, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: mild right acromioclavicular (AC) joint degenerative changes with right shoulder adhesive capsulitis, diabetes

with diabetic neuropathy in the lower extremities, mild osteopenia in the bilateral hands, multiple joint arthritis, obesity (with testified height of 5'2" and weight of 228-pounds), and a major depressive disorder (Exhibits 1F to 12F)(20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except as reduced by the following. The claimant can occasionally climb ramps, stairs, but she can never climb ladders, ropes, scaffolds, and she can occasionally balance, stoop, kneel, crouch and crawl. The claimant can frequently reach overhead with the right upper extremity, she can frequently finger and feel with the bilateral upper extremities, and she should avoid concentrated exposure to wet, slippery or uneven surfaces, unprotected heights, and unguarded moving machinery. In addition, the claimant can understand, remember and carry out simple instructions and tasks, she can make judgments on simple work-related decisions, she can deal with routine changes in a routine work setting with few, if any, changes in terms of work setting, tools and processes, and she can respond appropriately to coworkers, supervisors and the general public.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on July 1, 1967 and was 53 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 31, 2020, the date the application was filed (20 CFR 416.920(g)).

(Tr. 23-36).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on September 7, 2022. On October 19, 2022 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on November 9, 2022. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ improperly evaluated the opinion of consultative examiner, Stephen Parker, M.D. Plaintiff filed her application on or after March 27,

2017, and thus the ALJ applied a new set of regulations for evaluating medical evidence that differs substantially from prior regulations. *See, e.g.*, 20 C.F.R. § 416.920c (2017) (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017). The revised regulations alter how the agency considers medical opinions for claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c (2017). The revised regulations require an ALJ to consider the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *See* 20 C.F.R. § 416.920c(a)-(c) (2017). Under the revised regulations, supportability and consistency are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 416.90c(b)(2) (2017). Thus, an ALJ is required to explain how he or she considered these two factors when evaluating the persuasiveness of the medical opinions or prior administrative medical findings. *Id*. The ALJ may, but is not required to, explain how he or she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. § 416.920c(b)(3) (2017).

Dr. Parker issued a medical opinion in the form of answers to a questionnaire. On the form, Dr. Parker indicated that Plaintiff could not stand/walk for at least 2 hours, but that she could lift/carry less than 10 pounds frequently or over 10 pounds occasionally. (Tr. 483). The ALJ found Dr. Parker's opinion unpersuasive. The ALJ noted that she found Dr. Parker's opinion was unpersuasive because it was "not [ ] consistent with or supportable of the overall medical

5

evidence cited herein" (Tr. 33-34). The ALJ discussed various medical evidence from Dr. Parker's report that were inconsistent with Dr. Parker's ultimate opinion. In particular, the ALJ noted many of the normal findings made by Dr. Parker. These findings included a normal range of motion in all extremities and joints, except in the right shoulder; a normal posture with no abnormal motions, effusion, enlargement, or muscle atrophy; normal bilateral upper and lower muscle/grip strength; a normal bilateral straight leg raising; normal reflexes; and normal sensory examination results, except diminished sensations in the toes (Tr. 33, 483-487). The ALJ also questioned supportability of Dr. Parker's findings related to Plaintiff's gait. The ALJ noted that while Dr. Parker observed a wide-based, slow gait with low stability, an inability to walk on heels, and a slow ability to walk on toes with ataxic tandem walk (Tr. 33, 482-483), these limitations were not previously evidenced on exams and were observed for the first time during the consultative medical examination (*see* Tr. 33). The ALJ also noted that no gait abnormalities were found in the records of Plaintiff's family physician (Tr. 32-33, 393).

 Clearly, the ALJ considered consistency and supportability, *i.e.*, the two most important factors that she was required consider under the revised regulations when evaluating the persuasiveness of a medical opinion. The Seventh Circuit held that "[i]f the ALJ discounts the physician's opinion after considering [the required] factors, we must allow that decision to stand so long as the ALJ ''minimally articulate[d]'' his reasons—a very deferential standard that we have, in fact, deemed 'lax.'" *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (quoting *Berger v. Astrue,* 516 F.3d 539, 545 (7th Cir.2008) (quoting *Rice v. Barnhart*, 384 F.3d 363, 372 (7th Cir.2004))). Here, the ALJ has met this minimum articulation standard with regard to the two factors she was required to discuss.

Plaintiff relies on *Michael v. Saul*, No. 2:20-CV-238, 2021 WL 1811736, at *9 (N.D. Ind. May 6, 2021), but that case is factually distinguishable. The ALJ in *Michael* noted that he was persuaded by the state agency medical consultants' opinions because their opinions were "supported by the evidence they cited and consistent with the record as a whole." *Id*. at *9-10. However, the ALJ there did not point to any specific evidence that the state agency medical consultants cited in support of their functional capacity assessment. *Id*. at *10. Consequently, the reviewing court found the ALJ's statement to be nothing more than a conclusory statement with no support. Unlike the ALJ there, the ALJ here pointed to multiple pieces of evidence that were inconsistent with Dr. Parker's functional capacity assessment and also pointed to findings of Dr. Parker that were unsupported by the other evidence in the record, as discussed above. The ALJ in the present case explained his conclusion, whereas the ALJ in *Michael* did not.

Moreover, there was only one other physician who issued an opinion as to Plaintiff's physical functional capacity, and that was Dr. Brill, a state agency medical consultant. As to Plaintiff's exertional, postural, and manipulative capacity, Dr. Brill opined that Plaintiff was able to stand/walk for 6 hours and lift/carry up to 20 pounds occasionally, 10 pounds frequently (Tr. 88). He opined that Plaintiff could occasionally climb ramps/stairs, balance, stoop, kneel, and crouch, but could never climb ladders, ropes or scaffolds (Tr. 89). He also opined that Plaintiff could frequently reach overhead with her right upper extremity and frequently feel and finger with both hands (Tr. 89-90). The ALJ relied on this opinion in finding that the evidence in the record did not show that Plaintiff's impairments would reasonably results in greater functional limitations than Dr. Brill determined (Tr. 24).

The ALJ pointed to multiple pieces of evidence supporting this conclusion. The ALJ, for

7

example, noted that Plaintiff's treating rheumatologist Nighat Tahir, M.D.'s clinical findings were "minimal to unremarkable" (Tr. 31). The ALJ pointed out that Dr. Tahir found "no significant synovitis" in Plaintiff's finger (PIP and MCP joints), wrists and elbows, ankles, feet (MTP joints) and that Plaintiff showed a good range of motion in the cervical spine with an unremarkable sacroiliac joint and no positive straight leg raising (Tr. 31, citing Tr. 310-332). The ALJ also took note of the x-ray imaging results of the right shoulder, which showed only "mild AC joint and lateral humeral degenerative changes" (Tr. 32, 342). The ALJ considered the records from the Central Indiana Orthopedics (Tr. 32). These records reveal that Plaintiff did not appear to be in acute distress despite alleging a pain level of 9/10 in the right shoulder, and while Plaintiff had diffused right shoulder tenderness, crepitus (cracking or popping) and decreased range of motion, her right shoulder exam was otherwise unremarkable with no muscle atrophy and normal strength (Tr. 32, 364, 366). Plaintiff's family physician Adam Patrick, M.D.'s rheumatology work-up did not show evidence of rheumatoid arthritis (Tr. 32, 395). Plaintiff also testified that her medications were effective in taking the pain away for a few hours and up to eight hours when the weather was not cold (Tr. 29), and she told her family physician, Dr. Patrick, that her joint pains "resolved quickly" with use of Meloxicam (Tr. 32, 395). After considering the relevant evidence, the ALJ drew a reasonable conclusion that Plaintiff's limitations were not greater than the state agency medical consultant Dr. Brill found.

     As substantial evidence supports the decision, there is no basis for remand.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: November 28, 2022.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court